CITY OF LOUISVILLE *v.* CUMBERLAND TELE-
PHONE & TELEGRAPH COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF KENTUCKY.

No. 761. Argued March 7, 8, 1912.—Decided June 7, 1912.

*Quære,* and not determined, whether an ordinance cutting the earnings of a telephone company down to six per cent per annum, would, under the circumstances of this case be confiscatory and unconstitutional under the Fourteenth Amendment.

This court requires clear evidence before it will declare legislation, otherwise valid, to be void as an unconstitutional taking of property by reason of establishing rates that are confiscatory.

In this case the evidence is not sufficient to justify enjoining enforcement of an ordinance fixing rates of a telephone company and the decree granting an injunction is reversed, but without prejudice.

THE facts, which involve the question of whether an ordinance of the City of Louisville fixing rates for telephone service in that city, was unconstitutional as confiscatory of the property of the companies, are stated in the opinion.

*Mr. Clayton B. Blakey* and *Mr. Huston Quinn*, with whom *Mr. Joseph S. Lawton* was on the brief, for appellant:

Questions referred to a master cannot in turn be referred to an accountant in such a manner that the report of the accountant will bind the parties, the master or the court. *Kimberly* v. *Arms*, 129 U. S. 512.

The court should assume that a telephone company will charge the same rates to all of its subscribers having the same class of service. *Knoxville* v. *Water Co.*, 212 U. S. 16.

A telephone company without a franchise or privilege to occupy the streets of a city is a trespasser and should not be permitted to question a rate regulating ordinance. *Rough River Tel. Co.* v. *Cumberland Tel. Co.*, 119 Kentucky, 470; *Rural Home Tel. Co.* v. *K. & I. Tel. Co.*, 32 Ky. Law Rep. 1072; *East Tenn. Tel. Co.* v. *Russellville*, 106 Kentucky, 669; *Bland* v. *Cumberland Tel. Co.*, 109 S. W. Rep. 1180; *Bridge Co.* v. *Prange*, 35 Michigan, 400; *Cincinnati Inclined Plane Railway Co.* v. *Cincinnati*, 44 N. E. Rep. 327.

A telephone company should not be granted relief against rates established by a city ordinance where such company refuses to make a frank disclosure of its books, and records and facts within its knowledge. *Knoxville* v. *Water Co.*, 212 U. S. 16.

A telephone company should not be permitted to earn a return on cables which it has installed and does not use

and will have no occasion to use for years to come. *Spring Valley Water Co.* v. *San Francisco,* 165 Fed. Rep. 697; *San Diego L. & T. Co.* v. *Jasper,* 189 U. S. 429; *Water District* v. *Water Co.,* 99 Maine, 376; *S. C.,* 59 Atl. Rep. 539.

In determining the value of a telephone plant when it charges that a rate ordinance confiscates its property the true method is to ascertain what it would cost to reproduce a plant, then deduct from the reproduction cost the amount the plant in question has depreciated. *Knoxville* v. *Water Co.,* 212 U. S. 1.

In determining the value of a telephone plant where it claims that a city rate ordinance confiscates its property the value of the franchise should not be considered. Beale and Wyman's Work on Railroad Rate Regulation, § 362; *Brunswick & T. Water District* v. *Maine Water Co.,* 99 Maine, 371.

Rates charged by telephone companies in other cities of substantially the same size and similarly located as the city in question are a fair criterion in determining the reasonableness of telephone rates. *Interstate Com. Comm.* v. *Southern Railway Co.,* 115 Fed. Rep. 741; *Interstate Com. Comm.* v. *East Tenn., Va. & Ga. Ry.,* 85 Fed. Rep. 107.

*Mr. William L. Granbery* and *Mr. Alexander Pope Humphrey,* with whom *Mr. Alexander Pope Humphrey, Jr.,* was on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to prevent the enforcement of an ordinance of the City of Louisville fixing telephone rates, passed in 1909, after the attempt of the city to deprive the appellee of its franchise, when that seemed likely to fail. See *Louisville* v. *Cumberland Telephone & Telegraph Co.,* 224 U. S. 649. The question raised is the usual one of con-

fiscation. In consequence of the conclusion to which we have come we shall make a much more summary statement of the facts than in other circumstances might be necessary. The case was referred to a Master and he reported in favor of the city. He was of opinion that in the first year after the ordinance should go into effect there would be a loss of $30,000, but that in another year or so, in view of the probable increase of subscribers, the company would get back to its former net revenue with a probable continuous increase thereafter, and would earn a sufficient return. The judge was of a different opinion, and for the purposes of the present decision only we shall adopt his figures subject to the changes that we shall state which leave us unprepared to sustain the decree without giving the ordinance a trial to show its actual effect. ·

The Judge's values were:

| | |
|---|---:|
| Plant, including toll lines . . . . . . . . . . . . | $1575000.00 |
| Real estate. . . . . . . . . . . . . . . . . . : . . . . . . | 162000.00 |
| Supplies on hand . . . . . . . . . . . . . . . . . . | 18000.00 |
| Working capital . . . . : . . . . . . . . . . . . . . -. | 33000.00 |
| | $1788000.00 |

| | |
|---|---:|
| Gross earnings for 1908, including 15% of receipts from toll lines. This was undisputed. . . . . . . . . . . . . . . . . . . . . . | $325838.30 |
| The court added 10% more of the toll line receipts, making . . . . . . : . . . . . . . . | 330926.38 |
| The Master was of opinion that the remaining 85% should be added, making the total gross earnings. . . . . . . . . | 369087.00 |

For the purpose of such an estimate as this we think that the toll lines should be either in or out, and if they are to . be counted in the property upon which the appellee is not to be prevented by

law from earning a fair return, as they are above, and the expenses charged to the appellee, the whole return from them should be added to the gross earnings of the appellee. So we take the total gross earnings as.......... $369087.00

Expenses as found by the Master and accepted by the Judge.............. $216363.07

But this includes amount charged to the Exchange for the use of real estate (less expenses for repairs), which, in view of the inclusion of real estate above, it should not .... 11707.52

$204655.55

Deduct corrected expenses from gross earnings........................ 204655.55

Net earnings................... $164431.45

Even if we deduct from the net earnings a sum estimated by the Judge as necessary above actual expenditures of 1908 to make good average depreciation.. 24095.02

we have........................ $140336.43

which is nearly eight per cent. on the estimated value. The Master prophesies a falling off for the first year of........................ 30000.00

which would leave............... $110336.43

or over six per cent. on the valuation assumed.

Suppose now that we leave out the toll lines.

| | | |
|---|---|---:|
| Plant with real estate &c. as above. . . . | | $1788000.00 |
| Deduct toll lines estimated at . . . . . . . | | 125000.00 |
| | | $1663000.00 |
| Gross earnings. . . . . . . . . . . . . . . . . . . . . . | | 325838.30 |
| Less 15% from toll lines . . . . . . . . . . . . | | 7632.11 |
| | | $318206.19 |
| Expenses . . . . . . . . . . . . . . | $216363.07 | |
| Less amount charged for use of real estate as above. . | 11707.52 | |
| | $204655.55 | |
| Less toll line expenses which if estimated (in the absence of satisfactory proof as to their amount) by dividing expenses in proportion to receipts would be approximately | 30000.00 | |
| | $174655.55 | |
| Deduct corrected expenses from gross earnings . . . . . . . . . . . . . . . . . . . . . . . | | 174655.55 |
| | | $143550.64 |
| Additional deduction for depreciation as before . . . . . . . . . . . . . . . . . . . . . . . . . | | 24095.02 |
| | | $119455.62 |
| Which is nearly 7 per cent. or deducting for loss of custom the first year. . . . . | | 30000.00 |
| | | $89455.62 |

which is just above five per cent. on the Judge's valuation.

We express no opinion whether to cut this telephone company down to six per cent. by legislation would or would not be confiscatory. But when it is remembered what clear evidence the court requires before it declares legislation otherwise valid void on this ground, and when it is considered how speculative every figure is that we have set down with delusive exactness, we are of opinion that the result is too near the dividing line not to make actual experiment necessary. The Master thought that the probable net income for the year that would suffer the greatest decrease would be 8.60 per cent. on the values estimated by him. The Judge on assumptions to which we have stated our disagreement makes the present earnings $5^{10}/_{17}$ per cent. with a reduction by the ordinance to $3^6/_{17}$ per cent. The whole question is too much in the air for us to feel authorized to let the injunction stand.

*Decree reversed without prejudice.*