## POWELL v. CRITTENDEN et al.

No. 6863.   Opinion Filed March 28, 1916.

(156 Pac. 661.)

1. **PLEADING—Objections and Waiver—Agreed Statement.** Where parties submit an issue to the court upon an agreed state of facts, generally such action waives any error in the action of the court in its rulings on the pleadings.

2. **INDIANS—Dower—Nature of Rights—Statutory Provisions.** Under the laws of Arkansas, which were in force in the Indian Territory prior to statehood, a surviving widow is entitled to dower in the lands held by her husband for allotment at the time of his death; said lands subsequently being selected in allotment by an administrator.

3. **INDIANS—Lands—Wills—Devise Prior to Allotment.** A member of the Cherokee tribe of Indians has no such interest prior to

allotment in the lands belonging to such tribe of Indians as is subject to be devised by will. A will made by such member whose death occurred prior to the selection of an allotment, purporting to devise the real estate held for an allotment, vests no title to such real estate in the devisee.

4.  **SAME—Dower—Waiver—Accepting Provisions Under Will.** After the death of the decedent the defendant, as surviving widow and as administratrix, selected the lands in allotment in the name of the decedent and caused the will to be probated. She remained in possession of said land, claiming title under the will until the trial of this cause. **Held,** the will being ineffectual to vest any title in the real estate, the widow did not waive her right to, nor estop herself from claiming, dower.

5.  **DOWER—Assignments—Jurisdiction of District Court.** A district court of this state, possessing equity jurisdiction, in a proper action when it has jurisdiction over parties and subject-matter, is authorized to assign dower when the facts justify such action.

6.  **INDIANS—Dower—Judgment—Scope of Relief.** The trial court denied relief to plaintiff and adjudged the defendant, as the surviving widow of decedent, the right of occupancy of the premises during her life. **Held** error. **Held,** further, the judgment should be reversed, with directions to the trial court to assign dower.

(Syllabus by Linn, C.)

*Error from District Court, Delaware County;*
*John H. Pitchford, Judge.*

Action by Mary E. Powell against Hester Powell Crittenden and husband. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

*Riddle, Bennett & Mitchell,* for plaintiff in error.

*J. G. Austin,* for defendants in error.

Opinion by LINN, C. The plaintiff in error, who was plaintiff below, sought recovery of the possession of the lands described herein in the district court of Craig county, together with rents, the petition being in the ordinary form in ejectment. After filing various pleadings,

the case was submitted to the court for final determination upon an agreed statement of facts, the material parts of which are as follows:

(1) "That one Richard Powell was enrolled upon the final rolls of the Cherokee Nation as No. 555, and of one-eighth Indian blood; that he died on or about April 26, 1903, leaving no children surviving him, and leaving the defendant Hester Crittenden, his widow," and certain brothers and sisters named.

(2) "That at the time of his death said Richard W. Powell was living on and had possession of a certain portion of the lands of the Cherokee Nation, which were designated in the survey of said lands as follows, to wit: The south half of the southwest quarter of section nine (9), township twenty-four (24) north, range twenty-four (24) east, and the northeast quarter of the northwest quarter of the southwest quarter of section thirty-one (31), township twenty-four (24) north, range twenty-five (25) east, containing 90 acres, more or less; and that he had improvements thereon consisting of a house, barn and fencing, of the reasonable value of $————."

(3) "That prior to the death of the said Richard W. Powell he executed and published his last will and testament, in the following words, to wit:

" 'In the Name of God, Amen. I, R. W. Powell, of Grove, Indian Territory, Cherokee Nation, do make, declare and publish this my last will and testament. I do will, give and bequeath all my property of whatsoever kind and character, I now own or may die the ownership of and seized of, unto my beloved wife, Hester Powell, to be hers absolutely and forever, except my allotment, and the allotment she is to have, use and enjoy for the period of her natural life, and after her death, then my allotment is to go and belong to my nephew, Richard Harris, and my niece, Willie Harris, to share equally.

Powell v. Crittenden et al.

" 'Witness my hand, in testimony whereof, this March 4th, 1903.                                    R. W. POWELL.

" 'Attesting and subscribing witnesses:

" 'W. H. INLOW.
" 'M. C. FEE.' "

(4) "That said will was duly admitted to probate by the United States District Court, sitting in probate, on June 26, 1903, as the last will and testament of the said Richard W. Powell, then deceased, and that the said widow, Hester Powell, now the defendant herein as Hester Crittenden, was appointed administratrix of the estate of the said Richard W. Powell with the will annexed, and that under said will the title to said improvements passed to said widow."

(5) "That acting as such administratrix, the defendant Hester Crittendon, widow of the said Richard W. Powell, caused to be selected as the allotment of the said Richard W. Powell the lands hereinabove described; that said selection was made, and said lands selected as the allotment of said Powell, at some time after the appointment of said widow as administratrix, as hereinbefore agreed upon, and on the 25th day of February, 1905. That the said widow has never conveyed or transferred the improvements aforesaid, and has retained the possession of the same since the death of the said Richard W. Powell, and that said widow has continued to live upon said lands from the time of the death of the said Richard W. Powell to the present time, both during her widowhood and since her marriage to her codefendant herein, James Crittenden."

(6) "That neither within one year after the death of her said husband, nor at any time since, has the defendant Hester Powell, or Hester Crittenden, entered upon any land of her said husband, Richard W. Powell, under the claim of said land as dower, nor has she ever commenced any proceedings for the assignment of dower or

for the recovery thereof; but that she has continued in possession of all the lands constituting the estate of her said husband, and until the commencement of this suit, she claimed possession of said lands under the terms of said will."

(7) "That neither within 60 days of the date of her appointment as administratrix of the estate of the said Richard W. Powell, nor at any time since, did the said Hester Powell, or Hester Crittenden, file in the office of the clerk of any court any renunciation or relinquishment of her right of dower in said estate, so as to entitle her, under the laws of the State of Arkansas in force in the Indian Territory at the time of the decease of the said Richard W. Powell and at the time of the allotment of said lands, to a child's portion of said estate."

(8) "That neither within 18 months from the time of the decease of the said Richard W. Powell, nor within 18 months of the allotment of said lands, nor at any time since, did the defendant Hester Powell convey, by deed of release and quitclaim to the heirs of the said Richard W. Powell the lands devised to her by the said will, which did or might have accrued to her under the said will."

By the ninth paragraph it was agreed that all of the heirs of Richard W. Powell, deceased, except those mentioned in the will, conveyed all their right, title, and interest within and to the lands described to the plaintiff.

(10) "That said Hester Crittenden believed, when she allotted said land as administratrix, in the name of Richard W. Powell, deceased, that she could and would take the same under the will aforesaid; that she took no steps when she allotted said land to have said improvements appraised, or to secure a lien on said land for the value of said improvements; and that the said Hester Crittenden never either received or has been offered any compensation for said improvements other than what she has received by way of rents and profits from said lands."

(11) "That dower has never been assigned to said Hester Crittenden, as the widow of said Richard W. Powell, in said lands, or in any other; that none of the heirs of the said Richard W. Powell have ever asked or required the said Hester Crittenden to elect whether she would take under said will, or take dower of any other portion of said estate; and that the right of the said Hester Crittenden to hold said lands, or to have dower therein has never been questioned in any court or disputed in any legal proceedings until this action."

(12) "That this statement being considered as evidence, either party shall be allowed to refer to the pleadings in the case, and the court shall consider the same, as if this case were submitted upon evidence introduced in open court."

(13) "It is further stipulated and agreed that if the court shall decide, upon the evidence contained in this statement of facts, that either party owes or may owe money to the other, arising out of the occupation, possession and use of said lands, or the improvements thereon, that said amount shall be ascertained by an accounting or other appropriate proceedings, in pursuance of the decree made herein on these facts as set forth herein."

Upon the agreed facts the court adjudged plaintiff entitled to no relief, and further adjudged Hester Powell Crittenden the right of occupancy of the land for her natural life. To the conclusion of law and the judgment rendered, the plaintiff duly excepted. Motion for a new trial was filed, overruled, and exceptions saved. From this judgment this appeal is prosecuted. The assignments of error relied upon for reversal are:

(1) Error of the court in overruling the demurrer of the plaintiff to the separate answer of the defendant.

Opinion of the Court.

(4) Error of the court in holding the defendant entitled to the right of occupancy of the premises during her natural life.

(7) Error of the court in overruling the motion for a new trial.

The record and the assignments of error present the following questions for determination.

(1) Did the court commit prejudicial error in overruling the demurrer of the plaintiff to the answer of the defendant?

(2) Under the law, was the defendant Hester Powell Crittenden, as the surviving widow of Richard W. Powell, deceased, entitled to a dower interest in the real estate involved?

(3) Did the will of the decedent vest in the surviving widow any right to the real estate sought to be devised?

(4) Did the said Hester Powell Crittenden waive her right to dower in the real estate involved by reason of holding possession of same in the manner shown in the agreed statement?

(5) Did the court commit prejudicial error in rendering the judgment and in failing to allot dower?

These questions will be considered and disposed of in the order in which they are set out.

Counsel for plaintiff in error devote a large part of their brief to arguing the alleged error of the court in overruling the demurrer to the answer. In presenting this question, however, they have argued the merits of their case rather exhaustively. While provision 12 of the

agreement provides that the court shall consider the pleadings as if the case were submitted upon evidence introduced, we are of the opinion that the action of the parties in submitting the case upon the agreed statement would have the effect of rendering the action of the court in overruling the demurrer immaterial. It is the general rule, and especially in this jurisdiction, that where parties submit their controversies to the court upon an agreed statement of facts, such action has the effect of waiving any error in the action of the court in its rulings on the pleadings. *Enid City Ry. Co. v. City of Enid,* 43 Okla. 778, 144 Pac. 617; 31 Cyc. 724.

We are of the opinion that in the case at bar this rule will apply, notwithstanding the provision of the agreement.

Coming to the second question, it is now settled in this state that a surviving widow, under the laws which were in force in the Indian Territory, may have dower assigned to her out of lands in possession of and held by her husband for an allotment on the date of his death, when such death occurred prior to statehood and prior to allotment, said lands being subsequently selected in allotment by an administrator. *Cook v. Childs,* 49 Okla. 321, 152 Pac. 88.

Third. Did the will vest any legal right in the land? That a member of the Five Civilized Tribes, prior to the selection of his allotment, has no such interest or title in the lands belonging to said tribes which he may devise by will, is no longer a debatable question. *Semple v. Baken,* 39 Okla. 563, 135 Pac. 1141. See *Choteau v. Choteau,* 49 Okla. 105, 152 Pac. 373; *Franklin v. Lynch,* 233 U. S. 269, 34 Sup. Ct. 505, 58 L. Ed. 954. From the foregoing

authorities we have no hesitancy in holding that under the will no title or interest vested in the defendant Hester Crittenden to the real estate described.

In view of the manner in which this case was tried, the fourth question presents a more difficult proposition. We have carefully read counsel's brief and the authorities cited, and in addition thereto have made an independent investigation, and have reached a conclusion which to us appears to be sound and in harmony with justice and reason.

All the rights of the parties having vested prior to statehood, and while certain laws of the State of Arkansas were in force in the Indian Territory, this question involves a consideration and application of certain provisions of chapter 23 of Carter's Indian Territory Statutes, relative to dower. Section 1859 (Mansf. Dig., sec. 2571) provides:

"A widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form."

Counsel for plaintiff in error earnestly contend that the action of the widow, in having the will probated, remaining in possession of the land under the will, and having taken no steps to have dower assigned to her, is conclusive that she has elected to take under the will, and by such conduct has estopped herself from now claiming dower.

We have been unable to determine upon what theory of the law the trial court based its judgment awarding the land to the defendant during her natural life. It was not by virtue of the will, for the court specifically refused

to pass upon its validity, but seemed to hold that as Hester Powell Crittenden was the surviving widow of Richard W. Powell, deceased, having possession of said property, and having continually resided thereon, claiming title thereto, acquiesced in by plaintiff and the other heirs, until the filing of this suit, they are estopped from now questioning her right of possession. The widow being entitled to only a one-half interest in the property of her deceased husband, the judgment of the court awarding her a life estate could not rest upon the law entitling her to dower. Considering the will ineffectual to vest in the widow any interest in the real estate, and such we have held it to be, we do not understand how the plaintiff could be estopped without the necessary elements, which are lacking, to bring her within the rule of estoppel. Had the court found the plaintiff not entitled to recover and dismissed her petition, then it might have been reasonably assumed that the ground of the judgment was that the defendant was entitled to the possession of the mansion house and the farm attached, under sections 2587 and 2588 of Mansfield's Digest, until her dower should be assigned.

Counsel for plaintiff in error assert that the will is void so far as it attempts to convey any interest in the real estate, and the defendants' counsel frankly concede this to be true. The question then arises: Has the defendant Hester Powell Crittenden, by her acts and conduct in holding possession of the real estate under an instrument which is void so far as relates to such property and wholly ineffectual to vest any interest in her, waived her right to have assigned to her a dower interest, and is she estopped from revoking her election to take under the will? The other provisions of the statute involved are as follows:

Section 1870 (Mansf. Dig., sec. 2582) :

"If before her marriage, but without her assent, or if, after her marriage, land shall be given or assured for the jointure of a wife, or a pecuniary provision be made for her in lieu of dower, she shall make her election whether she will take such jointure or pecuniary provision, or whether she will be endowed of the land of her husband, but she shall not be entitled to both."

Section 1871 (M. D. sec. 2583) :

"If land be devised to a woman, or a pecuniary or other provision be made for her by will in lieu of her dower, she shall make her election whether she will take the land so devised or the provision so made, or whether she will be endowed of the lands of her husband."

Section 1872 (M. D. sec. 2584) :

"When a woman shall be entitled to an election under either of the two last preceding sections, she shall be deemed to have elected to take such jointure, devise or pecuniary provision, unless within one year after the death of her husband she shall enter on the lands to be assigned to her for her dower, or commence proceedings for the recovery or assignment thereof."

Section 1875 (M. D. sec. 2587) :

"A widow may tarry in the mansion or chief dwelling house of her husband for two months after his death, whether her dower be sooner assigned her or not, without being liable to any rent for the same; and, in the meantime, she shall have a reasonable sustenance out of the estate of her husband."

Section 1876 (M. D. sec. 2588) :

"If the dower of any widow is not assigned and laid off to her within two months after the death of her husband, she shall remain and possess the mansion or chief dwelling house of her late husband, together with the farm

thereto attached, free of all rent, until her dower shall be laid off and assigned to her."

Section 1882 (M. D. sec. 2594) :

"If any husband shall devise and bequeath to his wife any portion of his real estate of which he died seized, it shall be deemed and taken, in lieu of dower, out of the estate of such deceased husband, unless such testator shall, in his will, declare otherwise."

Section 1883 (M. D. sec. 2595) :

"In case of provision made by will for widows, in lieu of dower, such widow shall have her election to accept the same or be endowed of the lands and personal property of which her husband died seized."

Section 1884 (M. D. sec. 2596) :

"If a widow, for whom provision had been made by a will, elect to be endowed of the lands, and personal property of which her husband died seized, she shall convey, by deed of release and quit-claim, to the heirs of such estate the land so to her devised and bequeathed, which deed shall be acknowledged or proven and recorded as other deeds for real estate are required to be acknowledged or proven and recorded."

Section 1885 (M. D. 2597) provides that the renunciation as provided for in the previous section shall be deemed a sufficient notice of the renunciation of the interest of such widow.

Section 1886 (M. D. sec. 2598) :

"Such renunciation by deed shall be executed within eighteen months after the death of such husband, or the widow will be deemed to have elected to take the devise and bequest contained by such will."

Section 1887 (M. D. sec. 2599) provides, if a widow shall file in the office of the clerk of the probate court a

relinquishment of her right of dower, she shall be enti-
tled to an interest absolutely equal to that of a. child,
which shall be set aside to her.

Section 1888 (M. D. sec. 2600) provides that such
relinquishment shall be in writing and acknowledged be-
fore the clerk or some justice of the peace, and filed within
60 days after the granting of letters of administration on
the estate of the decedent.

Section 1891 (M. D. sec. 2603) :

"It shall be the duty of the heir at law of any estate,
of which the widow is entitled to dower, to lay off and
assign such dower as soon as practicable after the death of
the husband of such widow."

Section 1894 (M. D. sec. 2606) :

"If dower be not assigned to the widow within one
year after the death of her husband, or within three
months after demand made therefor, she may file in the
court of probate, or in the clerk's office thereof, in vaca-
tion, a written petition in which a description of the
lands in which she claims dower, the names of those hav-
ing an interest therein and the amount of such interest
therein shall be briefly stated in ordinary language, with
a prayer for the allotment of dower; and, thereupon, all
persons interested in the property shall be summoned to
appear and answer the petition on the first day of the next
term of the court."

The widow, under a misapprehension as to the legality
of the will, having remained in possession of the premises
involved and having taken no action to convey the other
half of the premises to the heirs, including the plaintiff in
error, within 18 months, counsel for plaintiff in error ear-
nestly contend that in view of the provisions of sections
2594, 2595, 2596, 2597, and 2598, she must be held to

have conclusively elected to take under the will, and she is thereby estopped and has waived her right to make a renunciation of such election; and they say that inasmuch as the will is ineffectual to vest any right in her to the lands involved, she has failed to show any right in the possession of the premises, and the judgment of the court is necessarily contrary to law. This position of counsel is untenable for two reasons: First, the will being void as an instrument attempting to devise the real estate and ineffectual to vest any interest in same, the widow could not estop herself by electing to take that under the will which it was impossible for the devisor to give. In other words, under the law, it being impossible to devise the real estate to the widow, she could not be estopped by electing to take that which could not be given. Cyc. vol. 40, page 985, under the chapter on Wills, states:

"An election made through mistake or induced by ignorance of the provisions of the will, the amount of the estate, or of the legal rights of the party entitled, may be revoked."

It was said by the Supreme Court of Georgia in the case of *Truett et al. v. Funderburk et al.*, 93 Ga. 686, 20 S. E. 260, Judge Lampkin speaking for the court:

"We do not think, under these circumstances, the widow's election to accept the provision made for her in that paper barred her of her right to dower. Had she lived until the litigation was ended, she could have obtained dower in his estate, because her election previously made under an entire misapprehension as to the real character and effect of the supposed will could not in law, equity, or morals, have been binding upon her. Therefore, in point of fact, her right to dower was never lost, but was a subsisting and valid right up to the time of her death."

The will must be laid out of the case, and the right of the defendant must be considered from the attitude she would have occupied, had the deceased died intestate. Considering her rights from this viewpoint, the foregoing provisions of the statute in regard to her election, revocation, and renunciation of the provisions of the will can have no application. It is not contended that the widow expressly relinquished her right to dower; then the question is whether or not her acts and conduct, considering the deceased having died intestate, would estop her from claiming dower. Having not expressly waived or relinquished her right to dower, before she can be regarded as having waived her right by acts and conduct, it is essential that she act with full knowledge of all the circumstances and of her rights in the premises, and such acts must be plain, unequivocal, and tantamount to an express waiver. A mere acquiescence, without a deliberate and intelligent choice, is insufficient to constitute a waiver or estoppel. 14 Cyc. pages 931, 932; *Sill v. Sill,* 31 Kan. 256, 1 Pac. 556; *Milliken v. Welliver,* 37 Ohio St. 460.

It is also suggested by counsel that the widow is barred from now taking her dower by a failure to apply and to make application to have the same assigned; that the limitation statutes, both general and special, have run against such right. The will having been laid out of the case as void, we think the special statute of limitation under the chapter on Dower is not applicable, and still less do we think the general statute of limitation will apply here, under the circumstances. Considering her situation and rights from the viewpoint that it was the duty of the heir to initiate proceedings for the purpose of having her dower assigned, and the widow having the

undoubted right under the law to remain in possession with occupancy of the dwelling house and the farm attached until such dower is assigned, we have no doubt that the statute of limitation does not affect her rights; and we are equally positive that she has not waived her rights and is not estopped to claim dower. Under the circumstances here, we believe it was the duty of the heirs at law to proceed, under section 2603 of Mansfield's Digest, to have her dower assigned, before they could plead the statute as a bar, or her acts in maintaining possession of the premises, under the void will, as a waiver or estoppel.

The district courts of this state possess equity jurisdiction, and such courts at common law exercise concurrent jurisdiction with courts of law in the assignment of dower; thus the court in this case, having the parties before it, had authority to allot dower to the defendant. 14 Cyc. 970; *Hilliard v. Hilliard*, 50 Ark. 34, 6 S. W. 326; *Jones v. Jones*, 28 Ark. 19; *Menifee v. Menifee*, 8 Ark. 9.

The court erred in adjudging the right of possession to the land in question in the defendant Hester Powell Crittenden during her natural life, for which error the cause must be reversed. The agreed facts before the court entitle defendant to her dower to the extent of one-half of the lands involved, and the court should have appointed commissioners for the purpose of assigning her dower. The judgment therefore will be reversed, and the trial court is hereby directed to proceed to appoint commissioners, with direction to assign the defendant's dower; and should it be determined that a division of said land cannot be equitably made, then in that event that said land be ordered sold and the proceeds divided as in the

manner provided by law, and such other proceedings had as are not inconsistent with this opinion.

The cost of this appeal will be equally divided between the parties.

By. the Court:   It is so ordered.