## SHINN v. HOOPES et al.

No. 14120—Opinion Filed Nov. 20, 1923.

**1.  Appeal and Error — Record — Review on Transcript.**

The action of the trial court in overruling motion for new trial and in refusing to render judgment for plaintiff on the pleadings will not be considered by this court on appeal on a transcript, but will only be considered when same are brought to this court by case-made or bill of exceptions.

**2.  Same — "Record Proper."**

The record properly consists of petition, answer, reply, demurrer, process, orders, and judgments, and in order to present errors in giving or refusing instructions, inadmissibility of evidence or sufficiency of the evidence to sustain the verdict, the same must be brought to this court by case-made or bill of exceptions, and they will not be reviewed on transcript.

Error from District Court, Oklahoma County; A. C. Brewster, Assigned Judge.

Action by Walter Shinn against C. M. Hoopes and others. Judgment for defendants, and plaintiff brings error. Affirmed.

O. T. Shinn, for plaintiff in error.

J. C. Helms and Everest, Vaught & Brewer, for defendants in error.

COCHRAN, J. This action was brought by the plaintiff in error to recover from defendants in error on certain promissory notes. Upon a trial of the case judgment was rendered for the defendants in error, and plaintiff in error has appealed.

The appeal is by transcript and no case-made or bill of exceptions is attached to the petition in error. The brief of the plaintiff in error does not comply with the rule of this court, and we are unable to ascertain therefrom which of the assignments of error set out by the petition in error are relied upon by him for reversal of this case. Looking to the petition in error, however, it appears that the assignments of error are: Error in overruling motion for new trial, error in refusing to render judgment for the plaintiff on the pleadings, error in overruling plaintiff's demurrer to defendant's answer, error in refusing to give certain instructions, error in giving certain instructions, verdict is contrary to the evidence, and error in permitting defandants to give any evidence on their

pleadings. An examination of the transcript fails to disclose any demurrer to the defendants' answers or any order of the court overruling such demurrers, if they were filed; hence, we cannot consider the assignment that the court erred in overruling demurrers to the answers. The assignments that the court erred in overruling motion for new trial and erred in refusing to render judgment for the plaintiff on the pleadings will not be considered by this court on appeal upon a transcript, but the action of the trial court in regard thereto can only be brought into this court by bill of exceptions or case-made. Collins v. Garvey, 67 Okla. 36, 171 Pac. 330; McHenry v. Spears, 84 Okla. 28, 202 Pac. 779. The sufficiency of the evidence and error in the giving or refusing to give instructions will not be reviewed by this court unless the same were brought into the record by bill of exceptions or case-made, as only matters properly a part of the record will be reviewed by this court on transcript, and the record properly consists of petition, answer, reply, demurrer, process, orders, and judgments. The transcript filed herein presenting nothing for this court to review, the judgment of the trial court is affirmed.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.