## McGRATH v. ROREM et al.

No.16593—Opinion Filed Dec. 14, 1926.

Rehearing Denied Jan. 25, 1927.

1. **Appeal and Error—Review of Error in Overruling Demurrer to Pleading—Reservation of Objections and Time for Appeal.**

Where a party seeks to have reviewed in this court an order overruling his demurrer to his opponent's pleadings he must either elect to stand upon his demurrer, in which event final judgment must be rendered in the cause by the court, and the appeal lodged in this court within six months from the date of the final judgment so rendered, or he may reserve his exception to the order overruling his demurrer, plead further, and, upon judgment being rendered against him on the merits, appeal from this judgment, and bring the record here for review upon transcript within six months from date of said judgment where a motion for new trial is unnecessary, or within six months from date of order overruling motion for new trial where such motion is necessary.

2. **Pleading — Objections to Pleadings Waived by Agreed Statement of Facts.**

Where the parties submit their controversy to the court upon an agreed statement of facts, such agreement has the effect to waive any error in the action of the court in its rulings on the pleadings.

3. **Champerty and Maintenance—Champerty Statute Inapplicable Where Grantee Sues for Land in Name of Grantor.**

In an action where the grantee maintains the action in the name of his grantor to recover real estate from the adverse holder, section 2260, R. L. 1910, as amended by section 1. ch. 170, S. L. 1919, has no application.

4. **Quieting Title—Joining Action for Possession.**

Under section 466, C. S. 1921, an action for possession of real property may be joined with one to remove cloud and quiet title.

5. **Taxation—Validity of Resale Tax Deed —Substantial Compliance with Statute.**

A resale tax deed that complies substantially with section 9752, C. S. 1921, is valid upon its face, and is presumptive evidence of title.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by S. D. Rorem, Annie Doxie, and Samuel Doxie against M. McGrath to recover possession of real estate, remove cloud, and quiet title. Judgment for plaintiffs, and defendant brings error. Reversed.

H. A. Wilkinson and Roscoe Bell, for plaintiff in error.

Chastain & Harris and Warren K. Snyder, for defendants in error.

Opinion by THREADGILL, C. This action was commenced October 30, 1923, in the district court of Oklahoma county, by the plaintiff, S. D. Rorem, filing his petition against M. McGrath, claiming ownership and right to possession of lot 6 in block 8 of Townsend addition to the city of Edmond, by virtue of a quitclaim deed dated October 27, 1923. He alleged that defendant had taken possession of said lot without right or authority, and refused to give possession to plaintiff; that defendant claimed some interest, the nature of which was unknown to him, but whatever the interest, it was inferior to plaintiff's rights. He further alleged that he was the owner and in possession of the adjoining lot to No. 6, and had a gas filling station thereon; that he had been at great expense and labor in making suitable concrete driveways for the convenience of his filling station; that one of said driveways cuts across the corner of said lot No. 6, and defendant was threatening, and would, unless restrained by the court, destroy and remove said strip of said driveway, and would thereby greatly injure and damage plaintiff's business and prevent ingress and egress thereto. Thereupon, he prays judgment that defendant be summoned into court to show his interest in the property; that upon hearing plaintiff have judgment removing the claims of defendant as clouds from his title; that he have an injunction against the defendant claiming any interest in said lot or exercising any control over the same, and that he have judgment for possession. A copy of the deed, under which he claimed title, was attached to his petition. The court rendered a temporary restraining order. On November 10, 1923, defendant filed a motion to dissolve the temporary restraining order on the ground that the said order was not sustained by the facts of the petition; that said lot was his property and he was in the peaceable possession of same by virtue of a resale tax deed dated January 18, 1922; that plaintiff's quitclaim deed showed on its face to be illegal and void, "being champterous, and criminal." On the same date the motion to dissolve the temporary injunction was filed, a supplemental petition was filed by Annie Doxie and Samuel Doxie, in which they adopt the petition

of plaintiff and state that they bring this action on behalf of said plaintiff as their grantee, and for his use and benefit, and for the reason that said plaintiff had never been in possession of said lot and they themselves have been out of the use and possession of the same for more than one year next preceding the commencement of the action, during which time they received no rents or profits therefrom, and that said defendant has been in possession of said lot during said time. Thereupon, they pray that the title be quieted in the plaintiff, S. D. Rorem. On November 26, 1923, the court overruled the motion to dissolve the temporary restraining order and made an order granting a temporary injunction. Defendant excepted. On November 30th defendant filed a demurrer to the petition and its amendment on the ground, principally, that the same did not state facts sufficient to constitute a cause of action. On September 6, 1924, this demurrer was overruled, and defendant accepted. Defendant was granted 20 days, by his request, within which to elect to stand on his demurrer or to answer. Thereafter, on September 26, 1924, defendant filed his answer, consisting of a general denial, and further pleading that the deed given by the Dox'es was champertous and void; that the action was not prosecuted in the name of the real party in interest: that he was the owner and in possession of said lot for more than a year prior to the commencement of the action, and personally received the rents and profits therefrom; that he had a tax deed to the lot which was duly recorded, and said deed had been of record for more than a year prior to the execution of the deed from the Doxies to plaintiff; that the Doxies placed him in possession of the lot, and thereafter made no demands of him for any interest in the same; that plaintiff knew, or could have known, of his title and interest at the time he obtained his deed from the Doxies and before he made his improvements on the adjoining lot. He further states that the action against him is unwarranted, fictitious, and oppressive, and he should have $100 as attorney's fee for defending the same. He attached a copy of his tax deed which shows to be, a "resale tax deed" dated January 18, 1922. This deed gave a summary statement of the sales proceeding, as was done in the "resale tax deed" in the case of Treese v. Ferguson, 120 Okla. 235, 251 Pac. 91. The plaintiffs filed a demurrer to the answer, which was sustained, except as to the general denial,

and defendant excepted and elected to stand on his answer and refused to plead further, and gave notice of his intention to appeal, and was given 60, 3, and 3 days to prepare his record. The court set the case for trial on the merits for January 31, 1925, and the trial was had on February 21, 1925. The journal entry recites that the evidence was stipulated, and said stipulation was submitted to the court and the findings and judgment were made upon said stipulation. The court found the issues in favor of the plaintiffs; that the Doxies were entitled to judgment, quieting title to said real estate in them for the use and benefit of S. D. Rorem. The court held that the resale tax deed relied on by defendant was void upon its face, and should be canceled as a cloud upon the title of plaintiffs. The court held that the Doxies were entitled to the possession of the lot at the beginning of the action, and should have possession against the defendant and for the use and benefit of S. D. Rorem. A permanent injunction was awarded and a writ of assistance, and the cost taxed against the defendant. Defendant excepted, gave notice of intention to appeal, was given extension of time for preparing and serving case-made, which case-made was not prepared, but appeal has been taken by petition in error and transcript of the record.

Standing at the threshold of our consideration is the question of procedure to be disposed of in the plaintiffs' motion to dismiss the appeal. They contend that defendant cannot urge as error the action of the court in overruling his demurrer to the petition for the reason he did not appeal from such order within six months from the date it was made or within six months from the overruling of a motion for a new trial in which this error should have been stated. In support of this contention, we are cited to the case of Aultman & Taylor Machinery Co. v. Fuss, 86 Okla. 168. 207 Pac. 308. This case was written by Justice McNeill, and in the first paragraph of the syllabus the following rule is announced:

"When a defendant desires to present to this court as error the overruling of a demurrer to the petition, it may be presented by two methods: First, saving the proper exception and having the appeal lodged in this court within six months from the date of the order; second, by saving the proper exception and incorporating in the motion for a new trial the error of the trial court in overruling the demurrer and perfecting his appeal to this court within six months from the date of overruling the motion for a new trial."

This rule fixes two dates from which to reckon in taking an appeal for reviewing an order overruling a demurrer to the petition. If the appeal is lodged in this court within six months from the date the order overruling the demurrer is made, no motion for a new trial is necessary, and a transcript of the record is sufficient to present the error to this court., but if the appeal is perfected after six months from the date of said order, then it must be within six months from the date of an order of the court overruling a motion for a new trial. According to the letter of this rule, defendant could not urge as error the overruling of his demurrer to the petition be, ause it was more than six months from the date the demurrer was overruled to the lodgment of the appeal in this court, and there was no motion for a new trial made, and hence the exception was waived.

In the body of the opinion, supra, the court used this language:

"It is first contended the court erred in overruling the demurrer to the petition for the reason the petition failed to state facts sufficient to constitute a cause of action. * * * The plaintiff in error has waived this question because it did not appeal within six months from the date of the order overruling the demurrer, nor did it incorporate as error the overruling of the demurrer in its motion for a new trial. If this error had been presented in the motion for a new trial, the same could be considered at this time."

But it is contended by defendant that a motion for new trial was not necessary in this case for the reason the facts were stipulated and the cause tried to the court. In support of this contention, we are cited to Henry, Guardian, v. McBride, 102 Okla. 41, 225 Pac. 906. and cases referred to therein.

These cases hold that, where the facts are submitted to the court by agreement, it is only necessary for the court to apply the law to the facts as agreed upon. and only questions of law are raised for review on appeal, and in such a case a motion for a new trial is unnecessary to present errors of the court applying the law to said facts and the judgment of the trial court to this court, and the time for taking the appeal commences to run from the date of the judgment. Since the opinion was rendered in the above case, May 16, 1922, this court has, in effect, held that an order overruling the demurrer to the petition, answer, or reply, is not an appealable order. and that final judgment must be rendered by the court before error can be predicated upon the order overruling the demurrer. In the case of Culp et

al. v. State et al., 109 Okla. 6, 234 Pac. 730, this court said:

"The defendants in the court below should be required to elect whether they will stand upon their demurrer; if they elect to stand judgment should be rendered and entered for plaintiff, and appeal may be then taken by defendants to this court. If defendants shall elect to plead further, they may save their exception to the action of the court in overruling their demurrer, and the question may be properly presented to this court upon the whole case, when final judgment shall have been rendered and appeal shall have been taken to this court."

To the same effect is the case of Van Zant et al. v. Reed et al., 109 Okla. 86, 234 Pac. 623; also the case of Jones et al. v. Toomey, 115 Okla. 169, 241 Pac. 1105. It has been held by this court that a transcript of the record is sufficient to bring up for review all questions properly arising in the record proper, and "the record proper consists of petition, answer, reply, demurrer, process, orders and judgments." Shinn v. Hoopes, 96 Okla. 105, 220 Pac. 470. And upon final judgment, where exception has been saved on any question arising from the ruling of the court on the record proper, the whole record may be brought up for review by transcript without a motion for a new trial. This holding is reasonable where only the record proper is involved. The demurrer is the principal contesting agency, and it would be as unreasonable to hold that the demurrer could not be considered on appeal without a motion for a new trial and on a transcript of the record, as to hold that the petition, answer, or reply, cannot be considered without such motion.

Under these decisions the ruling as to when the time for appeal commences to run seems to be somewhat modified. In case the demurrer is overruled and the demurrant elects to stand upon the demurrer, the court must render judgment without answer of the defendant, and, if judgment is rendered on same date the demurrer is overruled, the time for taking the appeal commences to run from that date, but if the judgment is rendered at a later date, as in case where it is necessary to prove damages and the cause continued for this purpose, then the time commences to run from the date the judgment is rendered. And in case the party demurring saves his exception to the order overruling the demurrer, and pleads further. and the cause is tried on the merits and judgment is given against him, then the time for taking appeal, in order to urge error on overruling the demurrer in case a

motion for a new trial is unnecessary, commences to run from rendition of the judgment, but where a motion for a new trial is necessary, then from the date of the order overruling the motion for a new trial.

The rule announced in the late decisions makes some difference in the procedure and probable result reached in taking the appeal after judgment rendered, upon the election of demurrant to stand on his demurrer where the same has been overruled.

As it appeared to be understood at the time the Aultman & Taylor Machinery Co. v. Fuss, Adm'r, supra, decision was handed down, the order on the demurrer could be appealed from without a final judgment ending the case. If the party against whom the demurrer was filed and sustained took the appeal and lost, the decision affirming the order of the trial court left the cause still pending for further proceedings and the pleadings attacked by the demurrer might be amended, and if not amended, or if amendment was not permitted, it still remained for the trial court to render a final judgment ending the litigation. If he was successful on appeal, by order of the court the demurrer would be overruled, and the demurrant could plead further and the cause proceed on the merits. If the demurrant, on being overruled. took the appeal and lost, he might be permitted to plead further since there was no final judgment against him, and if he did not plead further, still the trial court would have to render judgment to end the litigation, and, if he won on appeal, still, the other party might be permitted to amend, or failing in this, final judgment would be rendered upon the demurrer. But under the rule as modified by the above decisions, the party losing on appeal would not be permitted to amend or plead further, since he would be concluded by a final judgment affirmed by this court.

We think, to clarify the situation, the following rule should be announced: Where a party seeks to have reviewed in this court an order overruling his demurrer to his opponent's pleadings, he must either elect to stand upon his demurrer, in which event final judgment must be rendered in the cause by the court, and the appeal lodged in this court within six months from the date of the final judgment so rendered, or he may reserve his exception to the court's overruling his demurrer, plead further, and upon judgment being rendered against him on the merits. appeal from this judgment and bring the record here for review upon trans-

cript within six months from date of said judgment where a motion for a new trial is unnecessary, and within six months from the date of overruling the motion for a new trial where said motion is necessary.

Applying the rule to the case at bar, we must hold that the order overruling the demurrer to the petition is a part of the record proper, and, since a motion for a new trial was unnecessary in taking the appeal from the judgment on the merits, and only errors growing out of the record proper are complained of, and the appeal by transcript was lodged in this court within six months from the date of said judgment, the error complained of as to this demurrer is properly before this court for review unless barred on some other ground.

Plaintiffs further contend that this court has no jurisdiction to consider defendant's second specification of error, that the court erred in sustaining plaintiffs' demurrer to his answer and cross-petition, except the general denial, for the reason same was not a final order as ruled in Brooks v. J. R. Watkins Medical Co., 81 Okla. 82, 196 Pac. 956, and the error was not presented by a motion for a new trial. This contention is overcome by the discussion and rule announced above.

Plaintiffs' next contention is that defendant cannot urge errors of the court in its rulings on the pleadings for the reason the parties submitted the controversy to the court upon an agreed statement of the facts, citing Enid. City Railway Co. v. City of Enid, 43 Okla. 778, 144 Pac. 617, and Powell v. Crittenden, 57 Okla. 1, 156 Pac. 661. The rule announced in the latter case is as follows:

"It is the general rule, and specially in this jurisdiction, that where parties submit their controversy to the court upon an agreed statement of facts, that such action has the effect to waive any error in the action of the court on its ruling on the pleadings."

We think, under these authorities. plaintiffs' contention on this point must be sustained. While the error complained of, as to the orders of the court on the demurrers. are not barred by limitation, nor by failure of motion for a new trial, still, since the controversy was submitted to the court upon an agreed statement of facts, defects in the pleadings must be considered waived by the parties.

This leaves but one question to be disposed of, and that is whether or not the trial court made a proper application of the law to the facts in the case. On this phase of the case defendant contends that the court erred

In not holding that the deed from the Doxies to Rorem was champertous, citing the statutes, section 2260, R. L. 1910, as amended by section 1, ch. 170, S. L. 1919. But this statute cannot be applied where the grantee maintains the action in the name of his grantor to recover from the adverse holder. Gannon v. Johnson, 40 Okla. 695, 140 Pac. 430; McElroy v. Moose, 51 Okla. 173, 151 Pac. 857; Tyler v. Roberts et al., 56 Okla. 610, 156 Pac. 201.

Defendant further contends that the court erred in holding that plaintiffs could maintain the action, since they were not in possession. We think section 466, Comp. St. 1921, settles this question adversely to this contention:

"An action may be brought by any person in possession by himself or tenant, of real property, against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse estate or interest and such action may be joined with an action to recover possession of such real property by any person not in possession."

The most important question raised on this phase of the case is that the court erred in holding that the resale tax deed was void on its face. We think this contention must be sustained upon authority of Treese v. Ferguson et al., 120 Okla. 235, 251 Pac. 91. An examination of the summary statement contained in the deed in controversy is substantially the same as contained in the deed based on and approved in the above cause. We must therefore hold that the trial court committed error in holding this resale tax deed, under which defendant claimed his right to the lot in this case, was void.

The judgment of the trial court is therefore vacated, and judgment is hereby rendered in favor of defendant, and the cause is remanded to the trial court with directions to enforce this judgment.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 484, §312; p. 1046, §1037; p. 1051, §1050. (2) 31 Cyc. p. 724. (3) 11 C. J. p. 277. §118. (4) 1 C. J. p. 1090. §248; 32 Cyc. p. 1356. (5) 37 Cyc. p. 1460.