## FELT v. SCHAUB.

No. 18736. Opinion Filed Dec. 18, 1928.

T. T. Varner, for plaintiff in error.

R. P. White and A. E. White, for defendant in error.

HALL, C. This was an action to cancel a tax deed and quiet title to land described in the petition. The land in question was wild and unoccupied land at the time of the tax sale, and was unoccupied except by a constructive possession at the time of bringing the action for cancellation.

The particular facts leading up to the sale or the issuance of the tax deed are as follows: Taxes for the year 1920 were not paid, and on November 1, 1921, all the lands were sold to the county for these taxes, and certificates were issued. On June 2, 1924, Floyd E. Felt, the defendant (and plaintiff in error herein), purchased the certificates from the county, but did not pay the accrued taxes for 1921 and 1923. The plaintiff had paid the taxes for the year 1922. Subsequently, there was filed in the office of the county clerk a "Return" in the form of an affidavit, showing that a person had gone on the land and had attempted to serve notices upon the owner, or occupant, or both, that defendant was making application for a tax deed. The owner was not found, and an affidavit setting up these facts, stating that the owner was a nonresident, or could not be found in the county, or his place of business and residence was unknown, and stating generally the impossibility of obtaining personal service upon him, was made and filed. The regulation publication notice was given stating that the defendant would apply at a certain time for a tax deed.

A tax deed was issued by the county treasurer. The deed, instead of reciting that the holder of the certificates **produced** the certificates of purchase, recited that:

"It appearing to the undersigned county treasurer, etc., that the said Floyd E. Felt is now the owner and holder of the several certificates of purchase." etc.

And the further provision:

"That the said notices so served and published, as aforesaid, with the **tax sale certificates,** after having been so served or published, or both, were returned and filed in the office of the county clerk for LeFlore county, Okla. * * *"

The deed did not recite in so many words that the lands were legally liable for taxes for the year 1921, nor that such taxes were properly charged on the tax book or duplicate for such year. It does recite, however, that the "lands were lawfully assessed for taxation for the year 1920, and the said taxes so assessed against the said several tracts of land remained unpaid after the time for payment thereof had expired, and were returned delinquent for nonpayment of

said taxes, costs, charges, and penalties for the said year 1920."

The form as provided by the statute (section 9752) recites "that said lands were legally liable for taxation and had been duly assessed and properly charged," etc. The plaintiff (defendant in error) filed his petition to cancel the deed and quiet his title to the lands, tendering the amount of costs, taxes and penalties paid by the defendant. The court held the deed void, and canceled the same on four distinct grounds.

The action was commenced more than one year after the tax deed was recorded; and, in the absence of recognized jurisdictional defects, the question for determination here is whether or not the deed is void on its face. In this case the proceedings leading up to the deed are not to be considered.

Counsel for plaintiff in error makes a considerably plausible argument in contending that the provisions and recitals in the deed quoted in the foregoing paragraphs constitute a substantial compliance with the statutes. In this connection, he states in his brief as follows:

"It would require an extreme technical construction to hold that the recitals in the deed are not sufficient to show the land was liable for taxation, for if not so liable it could not lawfully be assessed. If the lands were lawfully assessed, and thereafter returned as delinquent and advertised as delinquent land, they must have been 'properly' charged on the tax books."

Pertaining to the first objection, the failure of the deed to show that the tax sale certificates were produced to the county treasurer, counsel relies on the case of the Town of Checotah v. Eufaula, 31 Okla. 85, 119 Pac. 1014, and contends that, because the deed recites as an extra precaution a condition subsequent, that is, that the tax sale certificates, together with the notices served and published, were properly returned and filed in the office of the county clerk. it was a substantial compliance with the law, and that it contained the essential and material parts of the statute; and that the county treasurer presumably obtained this information from a co-ordinating officer, and that the requirement of the production of the certificates to the county treasurer, in such cases, would be but an empty form.

It must be conceded that the construction which the lower court placed on the recitals contained in this deed is somewhat technical; that is, he put such construction on the recitals of the deed as would be favorable to the person whose title to the lands was sought to be divested or forfeited for an inconsiderable sum—taxes for only one year. It must be understood that it is a universal rule which obtains here and elsewhere, that the statutes attempting to divest the owner of land for nonpayment of taxes must be strictly substantially complied with. The statutes are mandatory. The statutes set forth certain requirements and conditions precedent to divesting the citizen of his lands for nonpayment of taxes, and all these requirements are essential. In this state, as well as many other states, the forms of tax deeds are prescribed by statute; and, in this connection, it may be properly said: That which the Legislature has directed, the courts cannot declare immaterial. Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666; Smith v. Bostaph, 103 Okla. 258, 229 Pac. 1039; Bowen v. Thompson, 120 Okla. 5, 249 Pac. 1109; Weeks v. Merkle, 6 Okla. 714, 52 Pac. 929; Eldridge v. Robertson, 19 Okla. 165, 92 Pac. 156: Turman v. Ingram, 83 Okla. 198. 202 Pac. 993; Dixon v. Bowlegs, 93 Okla. 47, 219 Pac. 665; Cochran v. Sullivan, 94 Okla. 23, 220 Pac. 870: Sires v. Parriett, 106 Okla. 244, 233 Pac. 748: Simpson v. Reinman (Ark.) 227 S. W. 15; 2 Cooley on Taxation (3d Ed.) pp. 912-913-1034.

The Supreme Court of Nebraska, in the recent case of Brokaw v. Cottrell, 211 N. W. 184, quoting from State v. Gayhart, 34 Neb. 195, said:

"The production of the tax certificate to the treasurer, together with proof that proper notice of the expiration of the time to redeem has been legally given, are conditions precedent to the right of the treasurer to execute a tax deed."

Therefore, we think the court was correct in canceling tax deed. and quieting the title in plaintiff and against the defendant, on two distinct grounds, at least: First. The failure of the deed to recite that the tax sale certificates were **"produced"** to the county treasurer by the applicant for the tax deed, renders the deed void on its face. Second. The deed failing to expressly recite that the land sold was legally liable for taxation, and had been placed on the tax rolls, or duplicates thereof, for the year 1920, likewise rendered the deed void on its face.

The judgment is hereby affirmed.

HERR and DIFFENDAFFER, Commissioners, concur.

TEEHEE and FOSTER, Commissioners. concur in conclusions.

By the Court: It is so ordered.