## KIRSCH et al. v. TRACY et al.

No. 24012.    Nov. 5, 1935.

Twyford & Smith and William J. Crowe, for plaintiffs in error.

Suits & Disney, for defendants in error.

PER CURIAM. Ollie Tracy and Eva Stutsman brought an action in the district court of Oklahoma county against John Kirsch and J. C. Davis for the purpose of quieting title to lots 1 and 2 in block 11 of South Park addition to Oklahoma City, Okla. The trial court rendered judgment in favor of the plaintiffs that plaintiffs' title to and possession of said real estate be fully quieted and perfected in said plaintiffs, and fully and totally barring the defendants from claiming or setting up any right, title or interest in, to or upon said real estate, or any part thereof, and canceling all deeds conveyances, and muniments of title under which the defendants claim, and these were thereby declared to be of no force and effect. Motion

for a new trial was overruled on March 2, 1932, and defendants have appealed. The parties will be referred to as they appeared in the trial court.

From the record it appears that defendant John Kirsch was the original owner of the lands involved, he having acquired title to the same by warranty deed from one Jacob Kirsch, dated and filed for record on January 8, 1913; that one B. M. McMullen secured a resale tax deed dated January 27, 1920, and filed same for record on April 10, 1920; that by mesne conveyances from McMullen, ending in a deed from E. J. Rogers and wife to C. R. Donart and wife, dated July 27, 1920, and filed for record on August 19, 1922, said C. R. Donart and Martha L. Donart, his wife, became the record owners of the land in controversy, and that the Donarts did not attempt to convey the same until they executed a deed to the defendant, J. C. Davis, dated September 22, 1931. On June 21, 1929, plaintiff Eva Stutsman procured an ordinary or treasurer's tax deed to the land and filed it for record on the same day, and later conveyed the same to plaintiff Ollie Tracy, who later reconveyed a one-half interest to the said Eva Stutsman; that the plaintiffs went into possession of the land about August 2, 1929, and have been in possession ever since, collecting rents continually, and having fenced the property more than two years before trial, and the property being improved by three houses and occupied by tenants paying rent to the plaintiffs. Ollie Tracy, at the time the title was entirely in her, on January 3, 1930, brought a suit in the district court of Oklahoma county, numbered 61610, against John Kirsch, C. R. Donart and his wife, Martha L. Donart, and other persons of no importance here, and took judgment against both John Kirsch and the Donarts on February 27, 1930. That judgment was taken upon personal service upon the Donarts. On June 2, 1931, that judgment was vacated as to John Kirsch only, with the consent of Ollie Tracy, plaintiff therein. On February 12, 1931, John J. Kirsch executed a quit-claim deed to J. C. Davis, which was filed for record on February 13, 1931, and on February 12, 1931, J. C. Davis executed an assignment of one-half of all oil and gas royalties from said real estate to John J. Kirsch, and on September 22, 1931, the Donarts executed a deed to J. C. Davis. The present suit was filed on June 3, 1931, plaintiffs' petition alleging that they are the owners of the legal and equitable estate in fee simple, and are in the actual possession of

said real estate; that the defendants claim some right, title or interest therein, the exact nature of which is to the plaintiffs unknown, but that said defendants, and each of them, have no right, title or interest in and to said real estate, or any part thereof; and that any right, title or interest therein or thereto, if any the defendants or either of them ever had, has been barred by the statute of limitations of the state of Oklahoma; and that the plaintiffs and their predecessors in title are in open, notorious, adverse, and complete actual possession of said real estate, and have so been in open, notorious, adverse, and complete possession thereof, under claim of right and title to said real estate, and claiming same by prescription and adverse possession for such length of time as bars any pretended claim of right or title thereto on the part of defendants, or either of them, under and by virtue of said statute of limitations of the state of Oklahoma; that, nevertheless, the pretended claims of the defendants, and each of them, cloud the title of the plaintiffs to said real estate, and the plaintiffs are, therefore, entitled to have their title to said real estate quieted as to the defendants and each of them.

The defendant John Kirsch filed answer for himself and grantee, Davis; also an amended answer, setting forth: (1) a denial; (2) admission of claiming an interest in the real estate, and alleging an ownership thereof by virtue of a deed from one J. H. Hamil to one Jacob Kirsch; a deed from Jacob Kirsch to John J. Kirsch, and alleging that thereafter he conveyed said real estate to J. C. Davis, and that he maintains such defense and prayer for affirmative relief on behalf of and for the benefit of his grantee, J. C. Davis; (3) execution and delivery of the McMullen resale tax deed; acquisition of the title by the Donarts by mesne conveyances from McMullen, and the conveyance by the Donarts to J. C. Davis; (4) that the only interest plaintiffs have in said lands is under the Stutsman tax deed, and alleging that it is void and voidable for reasons therein set forth; (5) defendant tenders to plaintiffs all costs, taxes, penalties, interest and charges to which they may be entitled, and prays that said tax deed be canceled, and for judgment quieting title of defendants against all titles, claims and demands of plaintiffs and all persons claiming under, by and through them and against all codefendants and all persons claiming by, through and under them and for costs.

To such amended answer the plaintiffs filed their reply containing: (1) Denial; (2) alleging that the deeds relied upon by defendants as sources of title were champertous and void, and were taken subject to the rights of plaintiffs, and since the pendency of this action, and that the title involved has already been adjudicated between the plaintiffs and the defendants and their grantors, and that the irregularities, if any, set up in the tax deed executed June 21, 1929, to Stutsman, cannot, because of the statute of limitations of the state of Oklahoma, be set up by the defendants as a defense herein.

Upon trial, plaintiffs admit that the tax deed issued to the plaintiff Stutsman is void upon its face, and relied upon their possession, the statute of prescription, and their judgment against the Donarts, who deraigned title from the McMullen tax deed. The defendants withdrew the allegations of the third paragraph of their amended, answer, but later attacked the validity of the McMullen tax deed, and the regularity and validity of that tax deed was gone into in detail.

Defendants, in their brief, present three propositions: (1) The plaintiffs in a quiet title action must show a paramount title before they can recover; (2) a judgment quieting title does not transfer the title of defendant to plaintiff; and (3) the McMullen (or Donart) tax deed is void and voidable.

Plaintiffs claim under two sources of title: (a) The judgment quieting title against Donart, holder of the record title by mesne conveyances from McMullen, holder of the resale tax deed against Kirsch; and (b) title by prescription.

As presented in the briefs, there are but two questions submitted for the consideration of this court, and they are: (1) Whether or not the holder of a tax deed, though void, may secure a good and valid title by prescription by taking possession of the property and remaining in open, notorious, exclusive, and adverse possession thereof for a period of more than one year; and (2) whether or not the plaintiffs acquired a valid title to such lands by virtue of the resale tax deed to McMullen and the subsequent decree in suit No. 61610 against Kirsch and the Donarts, in favor of Ollie Tracy. We shall consider such questions in the order above set forth.

Plaintiffs contend that under the provis-

ions of section 8554, C. O. S. 1921 (sec. 11729, O. S. 1931), and the provisions of section 9753, C. O. S. 1921 (sec. 12763, O. S. 1931), unless an action is begun by the owner of the land to recover possession thereof within one year from the date of recording the tax deed, the holder of said tax deed, who is in possession of the land, acquires title thereto by prescription under the authority of Stolfa v. Gaines, 140 Okla. 292, 283 P. 563. In that case the court was dealing with a guardianship sale and necessarily construed the statute of limitations dealing with guardianship sales and the minority of a ward. In this case we are dealing with a statute relating to tax deeds and are concerned only with the limitation expressly provided by said statute.

It is conceded, in this case, that the tax deed issued to the plaintiff Eva Stutsman is absolutely void. It is settled by an unbroken line of decisions of this court that a tax deed void on its face, or void by reason of jurisdictional defects, does not set in operation the one-year statute of limitations, provided in section 9753, supra. In the case of Lind v. Stubblefield, 138 Okla. 280, 282 P. 365, it is said:

"A tax deed that is absolutely void either on its face, or absolutely void otherwise, does not cut off the rights of the original owner of the land to litigate its validity, when such action is commenced more than one year after the deed is recorded, even though the tax title purchaser has been in possession of the premises during the entire period of time covered by the deed. A deed is void so as to prevent the operation of the short statute of limitations, when there is a fundamental or jurisdictional defect in the proceedings, either disclosed on the face of the deed or upon the records of the proceedings. * * *"

To the same general effect see the following; Union Savings Ass'n v. Cummins, 74 Okla. 201, 177 P. 901; Campbell v. McGrath, 117 Okla. 126, 245 P. 634; City of Tulsa v. Edwards, 111 Okla. 251, 239 P. 572; Sitton v. Hernstadt, 106 Okla. 140, 233 P. 676; Smith v. Bostaph, 103 Okla. 258, 229 P. 1039; Baker v. Rogers, 148 Okla. 279, 1 P. (2d) 366; Whitcomb v. Vaughan, 149 Okla. 81, 299 P. 216; Ashur v. McCreery, 150 Okla. 111, 300 P. 767; Jones v. McGrath 160 Okla. 211, 16 P. (2d) 853.

In view of the plaintiffs' admission that their tax deed is void, they are precluded from asserting a claim of title by prescription under the one-year statute of limitations,

which clearly has no application to the facts involved in this case, and we so hold.

Plaintiffs' contention that they have a valid title by virtue of the judgment quieting title against Donart must be decided adversely. This court has held in Cochran v. Sullivan, 94 Okla. 23, 220 P. 870, that section 9746, C. O. S. 1921, providing for the execution of a resale tax deed, in no manner conflicts with section 9752, C. O. S. 1921, prescribing the form of tax deed; that said resale statute does not repeal said form statute; that they must be construed together, and as covering the same subject-matter, tax deeds; that since said resale section does not prescribe a form of deed, a tax deed on resale thereunder should conform to the form prescribed by section 9752, C. O. S. 1921, being said form statute. It is the duty of the court to harmonize and give effect to all of said statutes as one scheme for obtaining revenue that the state may live. Whether a purchaser at tax sale should ever be permitted to obtain absolute title is a matter of legislative—not judicial—cognizance. The numerous statutes leading to absolute title of purchasers at tax sale should not be rendered innocuous by judge-made law. Section 9752, C. O. S. 1921, provides, among other things, that "the tax deed shall be substantially in the following form, to wit: * * * that said lands were legally liable for taxation, and had been duly assessed, and properly charged on the tax book or duplicate." The McMullen resale tax deed does not contain such a statement. It was held by this court in Felt v. Schaub, 134 Okla. 193, 272 P. 830, that:

"A tax deed which fails to disclose that the tax sales certificate or certificates were produced to the county treasurer by the holder of the certificate at the time of the execution of the deed, is void on its face. Also, where a tax deed which recites that the land was 'lawfully assessed,' but fails to recite that the land was legally liable for taxation and properly charged on the tax books or duplicates. for the year for which the land was sold for taxes, is likewise void on its face."

Therefore, we hold that the McMullen deed, in failing to expressly recite that the land sold was legally liable for taxation, and had been properly charged on the tax books or duplicates for the year for which the land was sold for taxes, rendered the deed void upon its face.

If the McMullen resale tax deed was void upon its face, which we have so held, the Donarts acquired no valid title by mesne conveyances, and the defendant John Kirsch was not divested of his original title so held by him, either by said McMullen resale tax deed or the judgment in suit 61610, wherein Ollie Tracy was the plaintiff, said judgment having been vacated as to the defendant John Kirsch.

For the reasons herein stated, the judgment of the trial court quieting plaintiffs' title to and possession of said real estate, and barring the defendants from claiming or setting up any right, title or interest in and to the same, and canceling all deeds, conveyances and muniments of title under which they claim, is reversed, with directions to the court below, upon the payment by the defendants to the plaintiffs of all taxes, interest and penalties, to which they may be entitled by virtue of their tax deed, to enter judgment for the defendants, John. Kirsch and J. C. Davis quieting the title of said defendants to said real estate against all titles, claims and demands of plaintiffs and all persons claiming under, by, and through them; and canceling and annuling the McMullen resale tax deed and the Stutsman tax deed in so far only as each affects the real estate involved in this action.

The Supreme Court acknowledges the aid of Attorneys Clarence W. Hunter, A. E. Darnell, and Fred E. LaRue in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hunter and approved by Mr. Darnell and Mr. LaRue, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.