### REEVES v. CALDWELL et al.

No. 25313.   March 2, 1937.

Rehearing Denied March 30, 1937.

Twyford & Smith and William J. Crowe, for plaintiff in error.

Miley, Hoffman, Williams, France & Johnson, S. A. Horton, H. A. Wilkinson, and Gill & Caldwell, for defendants in error.

Chas. H. Garnett, amicus curiae.

WELCH, J. The controlling question here occurs on a resale tax deed which the plaintiff in error and plaintiff below alleges to be void. The trial court held this deed to be valid, and rendered judgment for defendants.

Plaintiff asserts the deed is void for several reasons hereinafter noted. However, in the outset we observe that in McGrath v. Rorem, 123 Okla. 163, 252 P. 418, this court held valid a resale tax deed by the same treasurer following sale of other land at the same general resale, and which deed was quite similar to, if not identical with, this deed as to execution and recitations.

Plaintiff asserts that tax deed here is void because the same was not acknowledged before an authorized officer; because the land was redeemed prior to the issuance of the deed: and because the land at tax resale was not sold for cash. These contentions failed in the trial court on the facts or for lack of proof to sustain them in fact. The trial court so found. We have examined the record, and while we do not deem it necessary to set out all the evidence, we are satisfied that the court's finding is sufficiently supported by the record.

Plaintiff asserts the tax deed is void because of its alleged premature issuance. Upon that point the fact is that the treasurer executed this deed after the land involved had been sold at the resale, but before the treasurer had sold all of the other tracts of land which he had advertised to be sold. That is, after this deed had been executed the treasurer continued for some days to sell other separate tracts before finally completing sale of all tracts then ready for resale. We are referred to section 9746, C. O. S. 1921, which was the statute under which this resale was made, and section 9741, which authorizes redemption by the original owner at any time before the land is conveyed by deed of the county treasurer to the purchaser. The plaintiff contends for a construction of those statutes so as to support this contention that the deed is void, but cites no decision of this court so construing those statutes. The decisions of other states cited are not persuasive, because they construe statutes materially different as to fixed time to redeem. Reason does not direct that we so construe these statutes at this time. The fixed two-year redemption period had expired long before the advertisement of the land to be sold at the resale. When thereafter the land was sold at valid resale, and after such resale a valid resale deed was executed conveying the land to the purchaser at such resale, the extension of time in which to redeem provided for in section 9741, C. O. S. 1921, had also expired.

Plaintiff asserts this deed is void on its face because it does not show the date and place of the original tax sale. We find that the deed sufficiently recites the day of the original sale, but does not expressly name the place of that sale. The deed further recites in minute detail the day and place of the resale, and as to the original tax sale contains sufficient other recitations. It was the duty of the treasurer, of course, to make the original sale at his office. Section 9732, C. O. S. 1921. The treasurer is presumed to have discharged this duty in fact, and we could hardly assume otherwise. The plaintiff does not suggest that the original sale was actually made at any improper time or place, but contents himself with the suggestion that the deed is void on its face for this reason. This contention is supported by no citation of prior decisions of this court, and we find no error in the trial court's decision on this point.

Plaintiff asserts this deed is void on its face because the signature of the treasurer is not attested or witnessed. The deed was signed by the treasurer and acknowledged before a notary public, but the signature was not otherwise witnessed or attested. No decision is cited supporting this contention, and we do not find the statutory provisions to support the contention. We conclude that there is no insufficiency in the execution of the deed when it is signed by the county treasurer and acknowledged before a notary public. That is the method of execution specifically provided for by section 9750, C. O. S. 1921.

Plaintiff asserts the deed is void on its face because it does not recite that the land was legally liable for taxation. The deed does recite that the land was listed and assessed for taxes and that such taxes became delinquent and that for nonpayment thereof the original tax sale was made. In Felt v. Schaub, 134 Okla. 193, 272 P. 830, this court held:

"Also, where a tax deed recites that the land 'was lawfully assessed,' but fails to recite that the land was legally liable for tax-

ation, and properly charged on the tax books or duplicates for the year for which the land was sold for taxes, is likewise void on its face."

See, also, Kirsch v. Tracy, 174 Okla. 489, 55 P. (2d) 428, for similar holding.

In so far as these decisions announce the rule that the mere absence of the recitation here involved renders the deed void on its face, those decisions are contrary to our decision in Hatchett v. Going, 121 Okla. 25, 246 P. 1100, where this court approved a resale deed without such recitation, and are also contrary to our disposition of McGrath v. Rorem, 123 Okla. 163, 252 P. 418, where we upheld the identical deed of the same county treasurer.

Now we must disapprove Hatchett v. Going and McGrath v. Rorem, supra, or depart from the rule of Felt v. Schaub and Kirsch v. Tracy, supra, in so far as those decisions affect this exact point.

We must bear in mind that it is not contended that this land in fact was not subject to taxation. If it was not taxable, then of course the deed would be void no matter what it recited. Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707.

In view of the fact that this land was listed and assessed, and of the presumption of performance of official duty, and the presumptive evidence of deed (section 9750, C. O. S. 1921), it seems fair to assume that this property, being city lots conveyed by deed, was in fact taxable for all the years involved, since it is not actually contended otherwise. If it was in fact taxable, the recitation of that fact in the deed would be of slight actual value, if any, while, as we have seen, if in truth the land was not taxable, a recitation in a deed that it was taxable would not make it so.

In all reason it seems we should hold the mere absence of this allegation does not render this deed void on its face, following our disposition of Hatchett v. Going and McGrath v. Rorem. Upon due deliberation, we think we should now so hold and should expressly overrule Kirsch v. Tracy and Felt v. Schaub, supra, in so far as those decisions hold that the mere failure to recite that the land was legally liable for taxation renders the deed void on its face. We are not deterred from so doing because Felt v. Schaub was cited in the subsequent case of Adams v. Rogers, 158 Okla. 163, 13 P. (2d) 170. The latter case did not involve this identical point, and we were not there under any necessity to approve or disapprove Felt v. Schaub on this point. That necessity is now before us, and we have chosen the course dictated by the better reasoning as applied to our statutes and the decisions referred to.

Section 9751, C. O. S. 1921 (section 12761, O. S. 1931), provides for a liberal construction of the statutes in point in this case, and while that statute does not require or permit us to overlook any failure as to an essential step in the sale of property for taxes, the statute does have definite meaning and must be given effect in consideration of the contentions of this case. The plaintiff here failed to make any such showing as is specifically required by the last-cited section to set aside this deed.

Upon the whole, and for the reasons stated, we find no error in the conclusion of the trial court that the resale tax deed here involved was valid, and the judgment for the defendant is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, CORN, and HURST, JJ., concur. BUSBY and GIBSON, JJ., dissent.

BUSBY, J. (dissenting). I disagree with the majority opinion in this case and deem the matter of sufficient importance to warrant an expression of my views.

As I interpret the majority opinion, it has fallen into the error of indulging the presumption that a public officer has properly discharged his duty in order to support a defective tax title. It is said in the majority opinion:

"The treasurer is presumed to have discharged this duty * * *"

—and again:

"In view of * * * the presumption of performance of official duty. * * *"

The rule as established in this jurisdiction upon this point is stated in paragraph 3 of the syllabus in Henderson v. Langley, 173 Okla. 550, 49 P. (2d) 167, which reads:

"The presumption that public officials have discharged their duty cannot be indulged to sustain a tax title."

It is my judgment that we should either follow the established rule or repudiate the same. Further discussion of this point is unnecessary.

In my judgment the deed involved in this case is invalid and ineffective as a conveyance of title by reason of its premature execution. It was executed, as the majority opinion reflects, prior to the conclusion of

the resale. It was, therefore, as I view the statutes of this state, executed prior to the commencement of the 30-day period during which the county treasurer is by law authorized to execute a resale deed.

The procedure by which property owners are divested of their estate in land is governed by statute. One of the most valuable rights accorded or reserved to the owner by such statutes is the right to redeem through payment of the delinquent taxes. Under our law this right continues until a valid tax deed has been issued. Section 12751, O. S. 1931, provides that such right continues until "such real estate is conveyed by deed to a purchaser." This provision applies to resale as well as certificate deeds. Michie v. Haas, 134 Okla. 57, 272 P. 883. See, also, section 12751, O. S. 1931. (Note also amendment of 1933 allowing redemption in special cases, but not applicable here, section 1, ch. 41, S. L. 1933.) This right of redemption guaranteed by legislation has been jealously guarded by the judicial department of government. It has accordingly been held that any attempt to make a conveyance before the time authorized by law for the execution thereof is without force and effect, since it constitutes an unlawful effort to shorten the period of redemption. Thus the prevailing view in almost all jurisdictions is that a deed prematurely executed is not only voidable but void. This view obtains without regard to the existence of resulting prejudice to the owner in the particular case under consideration. Cooley on Taxation (4th Ed.) vol. 3, p. 2900; Maine v. Thornton, 20 Cal. App. 194, 128 P. 766; Flint v. Koplin, 104 Ore. 193, 207 P. 468; Lewis v. Tipton, 29 N. M. 269, 222 P. 661. See, also, Moore v. Brown, 11 How. 414, 13 L. Ed. 751; Redfield v. Parks, 132 U. S. 239, 33 L. Ed. 327, 10 S. C. 83; McGavoch v. Pollack, 13 Neb. 535, 14 N. W. 659.

In Cooley on Taxation (4th Ed.) p. 3018, it is said:

"* * * Throughout the tax proceedings the general rule is, that the taking of any one important step is a jurisdictional prerequisite to the next."

And the same authority, at page 2900, says:

"The deed will be void if prematurely issued."

Our statutes contemplate a resale of property commencing on the third Monday in April of each year (section 9744, C. O. S. 1921, amended in other respects in 1929, now section 12754, O. S. 1931), and continuing thereafter from day to day until all of the real estate offered for sale is sold (section 12755, O. S. 1931).

With reference to the time when the property may be conveyed by deed to the purchaser and the owner's right of redemption thereby terminated, it is provided in section 12756, O. S. 1931, that "Within 30 days after such resale the county treasurer shall file in the office of the county clerk a return of his resale of such real estate. * * * And within said 30 days the county treasurer shall execute, acknowledge and deliver to the purchaser or his assigns a deed. * * *"

It is thus provided by statute that within the same 30-day period commencing after the resale, the county treasurer shall file his return of sale and execute deeds to the purchaser. Since the statutes contemplate a resale embracing numerous tracts of land, which resale may by continuances be extended from day to day over such time as may be necessary for its completion, and since section 12756 contemplates the filing of but one return instead of separate returns for each tract of real estate sold, it is obvious that the single 30-day period referred to could not commence before the completion of the entire resale. To hold otherwise would immensely complicate tax resales and keep the county treasurer in motion between his own office and that of the county clerk for the purpose of filing separate returns of separate tracts sold.

The statute provides a full 30-day period for the performance of the acts contemplated. That 30-day period cannot commence until the completion of the sale.

Our statutes provide, in effect, that the resale shall be closed before a deed is issued. Thus authority to execute a resale tax deed prior to the close of the resale does not exist. Consequently the want of authority to do that which was attempted renders the act a nullity.

For the reasons stated, and other reasons reflected by the record and the briefs, which I shall not discuss further, I respectfully dissent from the majority opinion.