## DAVIS v. FARISS.

No. 25418.   April 13, 1937.

Rehearing Denied May 25, 1937.

William J. Crowe and Twyford & Smith, for plaintiff in error.

Willingham & Fariss, for defendant in error.

WELCH, J. This is an appeal from a judgment of the district court of Oklahoma county holding valid a resale tax deed.

The plaintiff, J. C. Davis, claims to own lots 25 and 26, in block 20, of Walnut Grove addition to Oklahoma City by virtue of conveyances from former owners. The defendant, E. A. Fariss, and others claim under a resale tax deed executed on June 17, 1929, and recorded on June 20, 1929. The others were joined with Fariss as parties defendant in the trial court, but were eliminated prior to judgment. Only the claims of Davis and Fariss are before us for adjudication.

In support of his asserted title under the resale tax deed the defendant, Fariss, invokes the short statute of limitations contained in section 12756, O. S. 1931, which provides:

"* * * Twelve months after said deed shall have been filed for record in the county clerk's office no action shall be commenced to void or set aside said deed. * * *"

The property herein was vacant at the time the deed was recorded in June of 1929. It thereafter remained vacant and was not in the actual possession of either party for more than one year subsequent to the recording of the questioned instrument.

On the 23rd day of March, 1931, the plaintiff entered into possession of the premises through a tenant. This action to quiet title and avoid the tax deed was then commenced on the 31st day of March, 1931, by the plaintiff, then in possession, against the adverse claimants under the resale tax deed, who were out of possession.

The trial court held, in effect, that the resale tax deed was valid on its face and was not shown to be void in fact by reason of any jurisdictional defect, and was wholly valid after the running of the statute of limitations as shown by the facts above stated.

This court has heretofore held that the above-quoted twelve-month limitation statute does not apply when jurisdictional defects or lack of power in the treasurer to proceed are shown to exist. See paragraph 1 of the syllabus in Lind v. Stubblefield, 138 Okla. 280, 282 P. 365, and paragraphs 6 and 7 of the syllabus in Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707.

Where the deed was valid on its face and attacked for alleged irregularity in procedure only, such attack was held barred by this twelve-month statute in Treese v. Ferguson, 120 Okla. 235, 251 P. 91, and in Michie v. Haas, 134 Okla. 57, 272 P. 883, and Wolfe v. Brooke, 133 Okla. 128, 271 P. 669, and Coday v. Allison, 136 Okla. 8, 275 P. 1060.

Our former decisions illustrate that when the land was in fact not taxable, or when

the taxes had in fact been paid, there was lack of jurisdiction to proceed, and that a jurisdictional defect might occur upon complete failure to take some essential step. But they illustrate, further, that irregularities in procedure only do not go to the jurisdiction of the county treasurer to act, or present jurisdictional defects in the preliminary procedure or issuance of the tax deed. See, also, section 9750, C. O. S. 1921 (section 12760, O. S. 1931).

Plaintiff asserts the tax deed is void because of its alleged premature issuance. Upon that point the fact is that the treasurer executed this deed after the land involved had been sold at the resale, but before the treasurer had sold all of the other tracts of land which he had advertised to be sold. That is, after this deed had been executed, the treasurer continued for some days to sell other separate tracts before finally completing sale of all tracts then ready for resale. We are referred to section 12756, O. S. 1931 (enacted in 1923), which was the statute under which this deed was executed, and to section 12751, O. S. 1931, which authorizes redemption by the original owner at any time before the land is conveyed by deed of the county treasurer to the purchaser. The plaintiff contends for a construction of those statutes so as to support this contention that the deed is void, but cites no decision of this court so construing those statutes. This court held to the contrary in Reeves v. Caldwell, decided March 2, 1937, 179 Okla. 501, 66 P. (2d) 75.

The taxpayer's period of redemption runs for two years from the original tax sale, and for such additional time then as intervenes prior to the issuance of the deed. That was made plain in our opinion in Michie v. Haas, supra.

The plaintiff asserts the deed here involved is void because the resale notice was defective. The notice appears in full in the record.

Plaintiff construes it to be a notice that at the resale the treasurer will sell the numerous tracts of land therein described, in some part at least, for subsequent taxes not authorized by the statute. We do not understand that it is contended that it was the purpose of the county treasurer to advertise for resale any lands not theretofore legally sold to the county for delinquent taxes. Nor is it shown or indicated in any manner that the treasurer actually sold any lands not theretofore legally sold to the

county for delinquent taxes, or sold any lands other than for the taxes as expressly authorized by the statutory provisions covering the resale. Upon this contention the most that can be said is that some expressions in the notice are not exactly accurate; however, from a reading of the notice as a whole, it appears that it is sufficiently clear, and is in substantial compliance with the statute. This court has specifically held that a mere defect in the advertisement of the tax sale, amounting to an irregularity only, will not defeat a deed after the period of limitations had run. See Wolfe v. Brook, 133 Okla. 128, 271 P. 669, and Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707.

The plaintiff points out that great care should be used in complying with the statute in tax sales, and with that view we agree, but our statute also provides for a liberal construction of the statute in point in this case (section 12671, O. S. 1931), and that provision must be given effect in consideration of these contentions. We conclude that the notice complained of shows no such omission or error as could here avail plaintiff.

The plaintiff attacks the delinquent tax sale record which was filed in the county clerk's office as the county treasurer's return to the county clerk of the tax sale for 1924. Plaintiff asserts that there was no sufficient compliance with the statutory requirement that the county treasurer file a return of sale with the county clerk. Plaintiff concludes and urges that failure of sufficient compliance with this requirement is sufficient to invalidate the sale and render the resale tax deed invalid. This court held to the contrary in Jepeway v. Barrett, 165 Okla. 220, 25 P. (2d) 661.

Plaintiff contends the deed is void on its face because of alleged insufficiency as regards stating the date of the sale. It is not contended that no sale date is shown, but that too many sale dates are shown. The facts are that the deed here involved covers several tracts or parcels of land sold on different dates of the same general resale, and all of the sale dates are stated in the deed. The facts as to this point are sufficiently similar to the facts in Wilson v. Levy, 140 Okla. 74, 282 P. 679, to make that decision control'ing on this point, and upon that authority this contention is denied.

Plaintiff asserts the deed is void on its face because it does not recite that the land was legally liable for taxation. In our former decisions in Hatchett v. Going, 121

Okla. 25, 246 P. 1100; McGrath v. Rorem, 123 Okla. 163, 252 P. 418, and Reeves v. Caldwell, 179 Okla. 501, 66 P. (2d) 75, we upheld resale tax deeds which did not contain such recitation. Further, as shown in the fact statement above, the deed here involved was issued in 1929, pursuant to resale in 1929. The form of such a deed is governed by section 12756, O. S. 1931 (section 6, c. 158, S. L. 1923), which provides that the resale deed shall be upon a form prescribed by the State Examiner and Inspector. The deed involved in this appeal being upon such a form, it is sufficient without such recital, and is valid upon its face. This contention of invalidity is therefore denied.

The plaintiff construes certain language in this resale deed to amount to a recitation that the various tracts or parcels of land were sold at the original tax sale altogether 'as a lump-sum sale, and plaintiff asserts for that reason the deed is void on its face. We are unable to agree with plaintiff's construction of that language in' the deed. A very similar contention was made in Winters v. Birch, 169 Okla. 237, 36 P. (2d) 907, and upon that authority this contention is denied.

This disposes of the various contentions on appeal. Finding no error in the judgment of the trial court, the same is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, CORN, and HURST, JJ., concur. BUSBY and GIBSON, JJ., dissent.

BUSBY, J. (dissenting). It is my opinion that J. C. Davis, the plaintiff in error, should prevail in this case for the reason that the purported resale deed under which the defendant in error, E. A. Fariss, is claiming title was prematurely issued and therefore void. The reasons for my conclusion were set forth in a dissenting opinion in the case of Reeves v. Caldwell 179 Okla. 501, 66 P. (2d) 75. I therefore respectfully disagree with the decision of this court as adopted by the majority opinion.