## McKNIGHT v. FREY.

No. 27651. Nov. 22, 1938.

Rehearing Denied Feb. 7, 1939.

Abernathy & Howell, for plaintiff in error.

Chas. H. Garnett, for defendant in error.

WELCH, J. The trial court held that the resale tax deeds relied upon by plaintiff McKnight were void and rendered judgment for defendant Frey. The decisive question here is whether said deeds are void or valid, and the question occurs on the forms and contents of the deeds themselves.

The decision below appears to have been based on certain language used in Felt v. Schaub, 134 Okla. 193, 272 P. 830, and in Kirsch v. Tracy, 174 Okla. 489, 55 P.2d 428. However, on thorough consideration of those specific points, this court became convinced that such language and the rules thereby stated inferred in those two former decisions were wholly incorrect as applied to resale tax deeds, and accordingly to that extent, we expressly overruled them in

304

Reeves v. Caldwell, 179 Okla. 501, 66 P.2d 75, for the reasons therein stated.

Again considering a resale tax deed in Patteson v. Myers, 183 Okla. 601, 83 P.2d 846, and upon further thorough consideration we adhered to the rules of Reeves v. Caldwell, supra.

It seems clear from the issues presented below and from the briefs of the parties here, that the resale tax deeds involved in this case must be held valid following the conclusion reached in Hatchett v. Going, 121 Okla. 25, 246 P. 1100; McGrath v. Rorem, 123 Okla. 163, 252 P. 418; Reeves v. Caldwell, supra, and Patteson v. Myers, supra. It appears that the plaintiff in the instant case presents a deed executed by the same county treasurer, in the same form, and based upon the same tax resale, as were the resale tax deeds involved and upheld in McGrath v. Rorem, and Reeves v. Caldwell, supra.

Having so recently and so thoroughly considered these points in the above-cited cases, we deem it unnecessary to indulge in further discussion here.

Upon the authority of McGrath v. Rorem, Hatchett v. Going, Reeves v. Caldwell, and Patteson v. Myers, supra, we hold that the resale tax deeds here involved are not void on their face for the reasons asserted by defendant, and the judgment of the trial court is therefore reversed and the cause remanded, with directions to proceed in conformity with the views here expressed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, and DAVISON, JJ., concur. RILEY, J., absent. GIBSON and HURST, JJ., dissent.