## McGRATH v. BRANE.

No. 28386. Jan. 13, 1942.

*121 P. 2d 308.*

H. A. Wilkinson, of Oklahoma City, for plaintiff in error.

Garnett & Garnett, of Oklahoma City, for defendant in error.

HURST, J. This is an action in ejectment and to quiet title to two lots in the city of Britton. The plaintiff, Brane, was the former owner of the lots. They were sold at the 1921 tax resale to T. F. Dye, who on May 22, 1929, conveyed them by quitclaim deed to the defendant, McGrath, who was in possession of the lots at the time this action was filed on June 25, 1935. The plaintiff introduced the deed under which he claimed and rested. The defendant then introduced the resale tax deed and the quitclaim deed from Dye and rested. The court entered judgment for plaintiff, and the defendant appeals.

The plaintiff's sole contention is that the resale tax deed under which the defendant claims is void on its face for six reasons. The deed is on the same form as those involved in Reeves v. Caldwell, 179 Okla. 501, 66 P. 2d 75, Patteson v. Myers, 183 Okla. 601, 83 P. 2d 846, and McKnight v. Frey, 184 Okla. 303, 86 P. 2d 985, and was issued pursuant to the 1921 resale, as were the deeds in the cited cases. The same reasons urged for the invalidity of the deed in McKnight v. Frey are urged in the instant case. The writer dissented to the opinions in Patteson v. Myers and McKnight v. Frey, and filed a dissenting opinion in the Patteson Case, but the rules therein laid down have been subsequently adhered to (see Moore v. Barker, 186 Okla. 312, 97 P. 2d 776, and Swearingen v. McCartan, 186 Okla. 241, 96 P. 2d 1061) and he therefore feels bound by said decisions. The cited decisions are controlling here.

Reversed, with directions to enter judgment for the defendant.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, and GIBSON, JJ., concur. CORN, V. C. J., and DAVISON and ARNOLD, JJ., absent.